**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| | * | **Case No. 16-po-4646** |
| **v.** | * | |
| | * | |
| | * | |
| **MARCUS I. JOHNSON,** | * | |
| | * | |
| | * | |
| **Defendant** | * | |

************

**MEMORANDUM OPINION AND ORDER OF COURT**

This matter is before the Court on Defendant's *pro se* request to expunge his criminal conviction for speeding, in violation of 36 C.F.R. § 4.21 (violation number 4477785), and to expunge his dismissed charges of possessing a firearm, in violation of 36 C.F.R. § 2.4(a)(1) (violation number 4477786), and driving a motor vehicle without a license, in violation of Md. Code Ann., Transp. § 16-112(b) (violation number 4477787). No hearing is necessary. L.R. 105.6. For the reasons that follow, Defendant's request is **GRANTED IN PART** and **DENIED IN PART**.

On August 18, 2016, Defendant pleaded guilty to speeding, and the other charges were dismissed. Defendant seeks expungement because "this incident is affecting [his] ability to further [his] career as a police officer and/or State Trooper." Because there is no applicable statute providing for expungement in a case such as this one, the only available jurisdictional basis is the doctrine of ancillary jurisdiction. *United States v. McKnight*, 33 F. Supp. 3d 577, 580 (D. Md. 2014). "The term 'ancillary jurisdiction' refers to the court's power to hear claims that

are closely linked to other claims over which the court's jurisdiction is otherwise secure." *United States v. Wahi*, 850 F.3d 296, 300 (7th Cir. 2017).

> [F]ederal courts generally may invoke the doctrine of ancillary jurisdiction in two circumstances: (1) where necessary to permit disposition by a single court of claims that are factually interdependent; and (2) "to enable a court to function successfully, that is, to manage its proceeding, vindicate its authority, and effectuate its decrees."

*McKnight*, 33 F. Supp. 3d at 580 (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 379-80 (1994)).

"[A] request for equitable expungement is not factually dependent on the underlying criminal case in any sense that matters. Instead, it will always turn on facts collateral to or arising after the case is over—in short, matters external to the criminal case itself." *Wahi*, 850 F.3d at 302. Thus, the adjudicative facts underlying Defendant's conviction for speeding are not interdependent with any equitable circumstances that he may claim justify expungement. *See Doe v. United States*, 833 F.3d 192, 199 (2d Cir. 2016) ("And the collateral employment consequences Doe faces today arise from the very fact of her conviction, not from the District Court's sentencing proceedings or Doe's probationary term. For these reasons, we conclude that Doe's original sentencing and her motion to expunge are not 'mutually dependent.'"), *petition for cert. filed*, __ U.S.L.W. __ (U.S. Jan. 9, 2017) (No. 16-876); *United States v. Harris*, 847 F. Supp. 2d 828, 834 (D. Md. 2012). Expungement of Defendant's criminal conviction for speeding also runs contrary to a federal court's ability to vindicate its authority and effectuate its decrees, as "[e]xpungement is not a remedial tool to enforce a ruling in the underlying criminal case." *Wahi*, 850 F.3d at 302; *see Doe*, 833 F.3d at 198; *Harris*, 847 F. Supp. 2d at 834-35; *United States v. Mitchell*, 683 F. Supp. 2d 427, 432-33 (E.D. Va. 2010). Because "ancillary jurisdiction does *not* include a general equitable power to expunge judicial records in a criminal

case," *Wahi*, 850 F.3d at 302-03, Defendant's request to expunge his criminal conviction for speeding (violation number 4477785) is **DENIED** for lack of jurisdiction.

As for Defendant's request to expunge his dismissed charges, "expungement of an arrest record is more akin to, for example, modification or revocation of supervised release." *McKnight*, 33 F. Supp. 3d at 582. "Accordingly, the Court finds that the exercise of ancillary jurisdiction in the circumstances of this case falls within the second circumstance identified in *Kokkonen*." *Id.* "The authority to order expungement here is a logical and not unlawful extension of the court's authority to manage its proceedings, vindicate its authority, and (in particular) effectuate its decrees." *Id.* (footnote omitted); *see Doe*, 833 F.3d at 197 n.2.

Moreover, grounds for expungement exist here. *See McKnight*, 33 F. Supp. 3d at 583. Federal courts may only grant expungement where a federal statute expressly permits expungement or where the court determines that extreme or exceptional circumstances warrant the exercise of its equitable power to order this type of relief. *Id.* Equitable circumstances may exist in cases where the underlying arrest or conviction was unlawful and/or unconstitutional; government misconduct is alleged; the statute on which the arrest was based is subsequently found unconstitutional; or where a defendant has been denied a security clearance, specific job opportunities, or has otherwise been materially harmed by the presence of criminal records. *Id.* at 584. The Court finds that extreme or exceptional circumstances warrant the expungement of these dismissed charges from Defendant's criminal record, as the disadvantage of a criminal record of these dismissed charges weighs heavily in favor of expungement. *See id.* at 587-88.

Accordingly, for the reasons stated above and in order to restore Defendant to the status he occupied before his citations and the institution of criminal proceedings for firearm possession and unlicensed driving, Defendant's request to expunge his criminal record of these

dismissed charges is **GRANTED**. The Clerk of Court is directed to expunge from all official records all references to the institution of criminal proceedings against Defendant for possession of a firearm, in violation of 36 C.F.R. § 2.4(a)(1) (violation number 4477786); and for driving a motor vehicle without a license, in violation of Md. Code Ann., Transp. § 16-112(b) (violation number 4477787); and the results thereof in 8:16-po-4646-TMD.

Date: May 5, 2017

/s/
Thomas M. DiGirolamo
United States Magistrate Judge